# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHOEBE LEAL,

    Plaintiff,

v.

COMPUTERSHARE F/K/A EQUISERVE, *et al.*,

    Defendants.

Case No. 2:10-cv-00033-LDG (LRL)

**ORDER**

    The plaintiff, Phoebe Leal, filed this action in state court. She alleges that the defendants, Computershare, Inc. and Colgate-Palmolive Company, improperly escheated her shares of Colgate Company stock to California. Leal served Computershare on December 11, 2009, and Computershare removed the state action to this Court on January 11, 2010. Colgate-Palmolive consented to the removal. Leal moves to remand (#15), arguing that she served Colgate-Palmolive more than thirty days prior to January 11, 2010. Both defendants oppose remand (## 20, 21), and Leal has filed her reply (#24). The Court will deny the motion to remand.

    Pursuant to 28 U.S.C. §1446(b), a defendant must file a notice of removal of a civil action within thirty days after receiving service of the initial pleading. Leal does not dispute

that Compushare removed this action within thirty days of being served with the initial pleading. She argues, however, that this matter must be remanded because (a) she served Colgate-Palmolive on November 6, 2009, (b) Colgate-Palmolive waived its right to remove by filing a motion to dismiss in state court on December 28, 2009, and therefore (c) Computershare was precluded from removing the state action by Colgate-Palmolive's waiver of its right to remove the state action. Leal also argues that, in computing the commencement of the thirty-day removal period, this Court should apply the "first-served" rather than the "last-served" rule. Neither argument warrants remand.

<u>Commencement of Thirty-Day Removal Period</u>

As both parties acknowledge, "[i]n cases with multiple defendants, there is a split in authority-unresolved in this Circuit-on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served defendant." *United Steel, Paper & Forrestry, Rubber Mfg. Energy, Allied Indus. & Service Workers Int'l Union v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008). District court decisions applying a first-served rule generally reason "1) that it follows logically from the unanimity rule, 2) that forum selection should be resolved as early as possible, and 3) that removal statutes must be construed narrowly." *McAnnaly Enterprises, Inc. V. McAnally*, 107 F.Supp.2d 1223, 1227 (C.D.Cal. 2000). District courts applying a later-served rule generally reason that a later-served defendant cannot be deprived of an equal (or any) opportunity to remove prior to being served, that a later-served rule prevents opportunistic pleading or service, and if Congress intended that a later-served defendant's removal period commenced prior to service, it could have easily so provided in the removal statute. *See, Toyz, Inc. v. Wireless Toyz, Inc.*, 2010 WL 334475, *3 (N.D.Cal. 2010). The most recent decisions in the District of Nevada have applied the later-served rule. *See Ellis v. Alessi Trustee Corp.*,

2009 WL 3486363 (D.Nev. 2009); *Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164 (D.Nev. 2006).

The Court finds, however, that it need not determine whether the removal period runs from the day of service of the first-served or last-served defendant. In opposition to the motion to remand, Colgate-Palmolive notes that Leal's proof of service (Exhibit 1 to her Motion to Remand) establishes it attempted to serve Colgate-Palmolive by service upon its Director of Security in New York City, New York. In Nevada, however, service of a state complaint on a foreign corporation must be accomplished by service upon either the designated resident agent, or a managing or business agent, cashier, or secretary within Nevada. Nev. R. Civ. Pro. 4(d)(2). As such, Leal's attempted service upon Colgate-Palmolive was insufficient.

In reply, Leal does not dispute that her attempted service of Colgate-Palmolive did not comport with Nevada's rules on serving a foreign corporation. Nevertheless, she continues to argue that the removal period commenced on November 6, 2009, when Colgate-Palmolive "otherwise" received a copy of her initial pleading. Citing a single lower-court decision from Texas, *Wright v. Sage Engineering, Inc.*, 137 S.W.3d 238 (Tex.App.1 Dist. 2004), she asks this Court to conclude that the removal period commences when a defendant receives a pleading "otherwise" than by proper service. The Court disagrees that Leal's invalid attempt to serve Colgate-Palmolive on November 6, 2009, triggered the thirty-day removal period. Accordingly, as Leal served Computershare on December 11, 2009, that is the date upon which Computershare's removal period began to run.

<u>Waiver</u>

Leal also argues that, because Colgate-Palmolive filed a motion to dismiss in state court on December 28, 2009, it waived its right to remove this action and thus waived its right to consent to Computershare's removal. As argued by by Leal, "[c]ourts have held that a defendant waives its right to removal where it substantially participates in state court

3

1  proceedings or where he seeks an adjudication on the merits in state court. *EIE Guam
2  Corp. v. Long Term Credit Bank of Japan, Ltd.,* 322 F.3d 635, 649 (9th Cir. 2003) (citing
3  *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)." Leal's
4  Motion, at 3.   However, as further stated in *Resolution Trust*, "[a] waiver of the right of
5  removal must be clear and unequivocal." *Resolution Trust*, at 1240.  Given that the thirty-
6  day removal period exceeds the period in which a defendant must file an initial response in
7  state court, Colgate-Palmolive's single filing of its motion to dismiss, arguing that Leal's
8  service was insufficient and that her claims are barred by the statute of limitations, did not
9  amount to a clear and unequivocal waiver of its right to removal.

11      Accordingly, for good cause shown,
12      THE COURT **ORDERS** that Phoebe Leal's Motion to Remand (#15) is DENIED.

14  DATED this ___ day of September, 2010.

16                                              Lloyd D. George
17                                              United States District Judge