# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHOEBE LEAL,

    Plaintiff,

v.

COMPUTERSHARE F/K/A EQUISERVE, *et al.*,

    Defendants.

Case No. 2:10-cv-00033-LDG (LRL)

**ORDER**

    The plaintiff, Phoebe Leal, filed this action in state court. She alleges that the defendants, Computershare, Inc. and Colgate-Palmolive Company, improperly escheated her shares of Colgate Company stock to California. She alleges claims against both defendants for breach of fiduciary duty and intentional infliction of emotional distress. Computershare moves to dismiss (#9) Leal's claim for breach of fiduciary duty, asserting that it did not owe her a fiduciary duty. Leal opposes the motion (#14), and Comptureshare has filed a reply (#17). The Court will grant the motion.

<u>Motion to Dismiss</u>

    The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be

granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (U.S. 2007).  Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*, at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.*

2

550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

Analysis

Leal alleges that Comptureshare, acting as the transfer agent for Colgate-Palmolive, improperly escheated her Colgate Company shares to California.  She argues that, pursuant to California's Unclaimed Property Law, codified at California Code of Civil Procedure §1500 *et seq*., Computershare owed her a fiduciary duty to provide her notice before escheating the property.  Having reviewed the relevant statutory provisions cited by Leal, the Court finds that the statutes preclude a finding that they establish a fiduciary duty that Computershare owed to Leal to provide notice that her Colgate Company shares were subject to being escheated to California as unclaimed property.

As argued by Leal, this matter is governed by §1516, as the property escheated was comprised of securities.  Pursuant to §1516(b), a "business association shall be deemed the holder" of person's intangible interests in the business association.  As Colgate-Palmolive is deemed the holder of Leal's Colgate Company shares, §1516 did not impose a duty upon Computershare to notify Leal that her interest in Colgate Company shares would escheat to California as unclaimed property.  As Computershare did not owe a duty to Leal, she cannot maintain a claim against Computershare that the failure to provide the notice required by §1516 constituted a breach of a fiduciary duty it owed her.  Accordingly,

THE COURT **ORDERS** that Computershare, Inc.'s Motion to Dismiss (#9) is GRANTED.  Plaintiff's First Claim for Breach of Fiduciary Duty is DISMISSED with prejudice as to defendant Comptureshare, Inc.

DATED this \_\_23\_\_ day of September, 2010.

_____
Lloyd D. George
United States District Judge

3