# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHOEBE LEAL,

    Plaintiff,

v.

COMPUTERSHARE F/K/A EQUISERVE, *et al*.,

    Defendants.

Case No. 2:10-cv-00033-LDG (LRL)

**ORDER**

    The plaintiff, Phoebe Leal, filed this action in state court.  She alleges that the defendants, Computershare, Inc. and Colgate-Palmolive Company, improperly escheated her shares of Colgate Company stock to California.  She alleges claims against both defendants for breach of fiduciary duty and intentional infliction of emotional distress. Colgate-Palmolive filed a motion to dismiss, or in the alternative, a motion for summary judgment in state court on December 28, 2009.  Computershare removed the state action to this Court on January 11, 2010.  The parties attached Colgate-Palmolive's motion as Exhibit 4 to the Joint Status Report (#18).  Leal opposes the motion (#25), and Colgate-Palmolive has filed an opposition (#27).  The Court will grant summary judgment as to the claim for breach of fiduciary duty, but will otherwise deny Colgate-Palmolive's motion.

Motion to Dismiss

Colgate-Palmolive seeks dismissal of Leal's complaint for insufficient service of process and for failure to state a claim.

Pursuant to Fed. R. Civ. P. 12(b)(5), a party must assert a defense of insufficient service of process prior to filing a responsive pleading.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be challenged on the basis that it fails "to state a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (U.S. 2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of

Case 2:10-cv-00033-LDG-LRL   Document 38   Filed 09/28/10   Page 4 of 12

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

<u>Insufficiency of Service of Process</u>

Colgate-Palmolive moves to dismiss for insufficient service of process.  Pursuant to Rule 4(m), the court must dismiss a defendant who is not properly served within 120 days after the complaint is filed.  As Leal filed her complaint in state court, and as Colgate-Palmolive is a foreign corporation, she was required to comply with Nevada Rule of Civil Procedure 4(d)(2) in serving Colgate-Palmolive.  Pursuant to Nevada's service rule, she was required to either (a) serve Colgate-Palmolive's designated resident agent, or (b) serve a managing or business agent, cashier or secretary within Nevada.

4

Leal asserts she properly served Colgate-Palmolive by serving process upon its Director of Security at its New York offices. A careful review of her opposition, however, reveals neither argument nor citation to any authority suggesting that such attempted method of service actually comports with Nevada's Rule 4(d)(2). Accordingly, the Court finds that Leal's attempted service on Colgate-Palmolive's Director of Security at its New York office was insufficient.

Leal also asserts that, out of an abundance of caution, she served Colgate-Palmolive's resident agent on January 6, 2010, prior to Computershare's removal of the action to federal court on January 11, 2010. Leal, however, filed her proof of service in state court on January 22, 2010. In reply, Colgate-Palmolive notes that Leal has yet to file the affidavit of service in this court. Leal's failure to file the affidavit of service is irrelevant, as the "[f]ailure to prove service does not affect the validity of service." Rule 4(*l*)(3). Further, Colgate-Palmolive does not dispute that it was validly served on January 6, 2010. As Leal validly served Colgate-Palmolive within 120 days from the date she filed her complaint, the Court will deny Colgate's motion to dismiss the complaint for insufficient service of process.[1]

Whether Leal's Claims are Barred by Statutes of Limitation

Colgate-Palmolive argues that Leal's breach of fiduciary duty claim is barred by Nevada's three-year statute of limitations for frauds, and that her intentional infliction of emotional distress claim is barred by Nevada's two-year limitations period for wrongful acts causing an injury.

Leal responds that this case is governed by California law, and that the Court should apply California's four-year statute of limitations for claims of breach of fiduciary duty, and California's one-year limitations period for claims of intentional infliction of emotional

---

[1] Pursuant to Rule 4(*l*)(3), Leal may amend her proof of service.

distress. She further argues that, even if Nevada's limitations period govern her claims, she timely filed her complaint as measured from the date she discovered her claims.

*Choice of Law*

As this Court's jurisdiction to hear Leal's complaint rests in diversity, Nevada's conflict of law rules govern whether Nevada or California law governs Leal's claims. *Klaxon Co. v. Stentor Electric Mfg.*, 313 U.S. 487, 496 (1941). Both parties agree that Nevada applies the "most significant relationship" test, set forth at §145 of the Restatement (Second) Conflict of Laws, to resolve choice of law questions. *See General Motors Corp. v. Eighth Jud. Dist. Ct. of Nev.*, 122 Nev. 466 (2006). Pursuant to this test, the Court looks to (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. As further stated in §145, "[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue."

The particular issue is whether the Court must apply Nevada's or California's statutes of limitation to each of Leal's claims. Of critical importance, the particular issue before the Court is not whether Nevada or California has the greater interest in applying its substantive law to injury or conduct allegedly occurring in California. Rather, the question is whether Nevada or California has the greater interest in applying its statutes of limitation to the claims alleged by Leal against a corporation foreign to both Nevada and California, which claims she filed in Nevada's courts.

Evaluating the relative importance of each factor requires acknowledging, in the first instance, the interests of California and Nevada in the application of statutes of limitation. Nevada has stated its interests in statutes of limitation thus:

> Justice Holmes succinctly stated that the primary purpose of such statutes is to "[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses

6

> have disappeared." Telegraphers v. Ry. Express Agency, 321 U.S. 342, 348-349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).

*Petersen v. Bruen*, 106 Nev. 271, 273, 792 P.2d 18 (1990). The Nevada Supreme Court then expanded its discussion, stating:

> "Viewed broadly, ... statutes of limitation embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs. Thus, statutes of limitation rest upon reasons of sound public policy in that they tend to promote the peace and welfare of society, safeguard against fraud and oppression, and compel the settlement of claims within a reasonable period after their origin and while the evidence remains fresh in the memory of the witnesses."

*Id.,* (quoting *Kyle v. Green Acres at Verona, Inc.*, 44 N.J. 100, 207 A.2d 513, 519 (1965)).

California has stated similar interests, with a court succinctly summarizing that the "purpose of such statutes is to protect the enacting state's residents and courts from the assertion of stale claims." *American Bank of Commerce v. Corondoni*, 169 Cal.App.3d 368, 373, 215 Cal.Rptr. 331 (Cal.App. 2nd Dist. 1985). This reasoning was further expanded in a footnote: "Statutes of limitations are not disfavored in the law. To the contrary they are favored in the law because they promote desirable social ends and give security and stability to human affairs." *Id.*, at fn. 4 (quoting *McGee v. Weinberg*, 97 Cal.App.3d 798, 159 Cal.Rptr. 86 (Cal.App., 1979)).

The policies underlying both state's statutes of limitation indicate that the place where the injury occurred and the place where the conduct causing the injury occurred have little significance in determining whether Nevada's or California's statutes of limitation govern claims filed in Nevada. The policies causing states to adopt statutes of limitation do not concern the injury or the conduct causing the injury. Rather, those policies address the conduct of the injured party *after* the conduct causing the injury has occurred and *after* the resulting injury has occurred.

7

The residence of the parties has a greater significance in determining which state has the greater interest in applying its statutes of limitations to Leal's claims. Both states indicate that the purpose of such statutes includes the motivation of its residents to promptly pursue claims and the protection of its residents from stale claims. Leal alleges that she is a resident of Nevada, establishing that Nevada has the greater interest in promoting her to promptly pursue her claims. As Colgate-Palmolive is neither a citizen nor has its principal place of business in either Nevada or California, neither state has a greater interest in protecting Colgate-Palmolive from stale claims.

Finally, the Court finds that the relevant relationship between the parties is centered in Nevada. Leal has alleged facts indicating the parties have a relationship centered in California relative to her ownership, and Colgate-Palmolive's escheatment, of Colgate shares. That relationship, however, is not relevant to the present analysis because it arises from the injury and the conduct causing the injury. By contrast, when Leal filed her complaint, she created a plaintiff-defendant relationship between herself and Colgate-Palmolive. As this relationship concerns the filing and prosecution of the lawsuit, it is the relevant relationship because both states have indicated a significant interest in ensuring that its courts are not used to prosecute claims that it deems stale. As Leal elected to establish this plaintiff-defendant relationship in Nevada, Nevada has the more significant interest in applying its statutes of limitations to ensure that she is not seeking to prosecute stale claims in Nevada's courts.

Accordingly, as Nevada has the most significant relationship to the claims Leal filed in Nevada *on the particular issue of application of statutes of limitation*, the Court finds that Nevada's statutes of limitation govern whether she timely filed her claims in Nevada.[2]

---

[2] The Court has not decided whether the substantive law of Nevada or California governs Leal's claims.

*Statute of Limitations - Breach of Fiduciary Duty*

"In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued. A cause of action "accrues" when a suit may be maintained thereon." *Clark v. Robison*, 113 Nev. 949, 951, 944 P.2d 788 (1998). As summarized by the Nevada Supreme Court:

> The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought. An exception to the general rule has been recognized by this court and many others in the form of the so-called "discovery rule." Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action.

*Siragusa v. Brown*, 114 Nev. 1384, 1392, 971 P.2d 801 (1998).

Colgate-Palmolive argues that Leal discovered her injury no later than July 2006. As Leal filed her complaint on October 22, 2009, she can maintain her claim only if she discovered the injury after October 22, 2006.

Looking solely to the allegations of Leal's complaint, the Court must conclude that she has not alleged facts establishing that her claims are barred by Nevada's three-year statute of limitations for claims of breach of fiduciary duty. Leal alleges, in her complaint, that sometime in 2006, she was "astonished to learn from her advisors that on September 28, 2004, Computershare, acting as the transfer agent for Colgate, had escheated [her] Colgate Company Stock Shares to the State of California." The Court must construe her complaint, and her acknowledgment that she learned of the escheatment sometime in 2006, as a sufficient *allegation* that she neither discovered, nor reasonably could have discovered, her injury until "sometime in 2006," which "sometime" might have occurred after October 22, 2006.

Colgate-Palmolive, however, submitted evidence to the Court establishing that Leal's counsel received a letter in July 2006, which letter reveals that her counsel was already aware that her shares had been transferred to California on September 28, 2004.

9

"Notice or knowledge of an attorney, acquired during the time he is acting within the scope of employment, is imputed to the client." *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 273 (1993) (internal citation omitted).

Leal does not offer any evidence disputing that her counsel was aware, no later than July 2006, that her shares were transferred to California on September 28, 2004. Rather, citing *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049 (9th Cir. 2008), Leal appears to argue that her breach of fiduciary duty claim did not accrue until she was informed that her shares were liquidated. To the extent that Leal is arguing that her claim did not accrue until she discovered the extent of her damages, the argument is without merit.[3] Applying California law, the Ninth Circuit stated in *Platt*: "Since a cause of action accrues when the elements of the cause of action, including damage occur, the appreciable and actual harm that results in accrual must be harm of the specific type that is recoverable as damages on that type of cause of action." The Ninth Circuit's subsequent discussion makes clear that its use of the term "damage" referenced the plaintiff's injury. Applying Nevada's "discovery rule" exception to the general rule of accrual, the commencement of the limitations period for Leal's breach of fiduciary duty claim was tolled until she discovered, or reasonably should have discovered, her injury resulting from Colgate-Palmolive's alleged breach of fiduciary duty. That injury was not California's liquidation of Leal's shares, but Colgate-Palmolive's escheatment of her shares to California.

No material issue of fact remains that Leal, through her counsel, had discovered Colgate-Palmolive's escheatment of her shares to California by July 2006. Leal did not file

---

[3] Leal argues, at page 11 of her opposition, that it is "unclear whether the correspondence" she received from the California State Controller in April 2007 disclosed that her stock and been liquidated and at what price. Leal's alleged injury, however, was not California's liquidation of her shares, but Colgate-Palmolive's escheatment of those shares to California. While California's liquidation may be relevant to the damages she may recover for her injury, her alleged injury remains the escheatment of her shares.

her claim until October 22, 2009, more than three years after July 2006. Accordingly, the Court will grant Colgate-Palmolive's motion for summary judgment as to Leal's claim for breach of fiduciary duty as the claim is barred by the statute of limitations.

*Statute of Limitations - Intentional Infliction of Emotional Distress*

Colgate-Palmolive also argues that Leal's claim for intentional infliction of emotional distress is barred by Nevada's two-year statute of limitations for wrongful acts that cause the injury. *See* Nev. Rev. Stat. §11.190(4)(e). In Nevada, a cause of action for intentional infliction of emotional distress requires: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation. *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981) (citations omitted). Neither Leal nor Colgate-Palmolive direct the Court's attention to any Nevada decision identifying when an intentional infliction of emotional distress claim accrues. In California, which also requires a plaintiff to show severe emotional distress resulting from outrageous, a claim for intentional infliction of emotional distress "is not complete until the effect of a defendant's conduct results in plaintiff's *severe* emotional distress." *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal.App.3d 222, 232, 192 Cal.Rptr. 492 (Cal.App. 2 Dist. 1983) (emphasis original). As such, in California, a claim for intentional infliction of emotional distress accrues when the "defendant's conduct results in plaintiff's severe emotional distress." *Id.* The Court predicts that, when directly presented with this question, Nevada will adopt a similar rule that a claim for intentional infliction accrues when the defendant's conduct results in plaintiff's severe emotional distress.

Colgate-Palmolive's argument that Leal's claim accrued at the time of its alleged wrongful conduct (or her discovery of that conduct), rather than at the time its conduct resulted in her severe emotional distress, is without merit. Accordingly, the Court will deny

Colgate-Palmolive's motion to dismiss Leal's claim for intentional infliction of emotional distress.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant Colgate-Palmolive Company's Motion to Dismiss or, in the alternative, for Summary Judgment (Exhibit 4 to #18), is granted in part and denied in part.

THE COURT FURTHER **ORDERS** that Plaintiff Phoebe Leal's First Claim for Breach of Fiduciary Duty is DISMISSED with prejudice as to Defendant Colgate-Palmolive as barred by the statute of limitations.

DATED this ___28___ day of September, 2010.

_____
Lloyd D. George
United States District Judge